UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMALI SAMET,<br><br>                          Petitioner,<br><br>v.<br><br>PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement, et al.,<br><br>                          Respondents. | Case No.: 3:26-cv-00360-RBM-MMP<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. 5] |

    Pending before the Court is Petitioner Almali Samet's ("Petitioner") First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Amended Petition"). (Doc. 5.) For the reasons set forth below, the Court **GRANTS** the Petition.

### I.    BACKGROUND

    Petitioner is a citizen of the Republic of Turkiye. (Doc. 5 ¶ 20.) He entered the United States on October 16, 2024, without admission or parole. (*Id.* ¶ 21.) On November 28, 2024, Petitioner filed an application for asylum. (*Id.* ¶ 22.) In or about January 2025, United States Citizenship and Immigration Services issued Petitioner a notice stating that Department of Homeland Security ("DHS") records indicated that Petitioner's asylum application had been dismissed or terminated, and that he had been placed in expedited removal proceedings. (*Id.*) DHS later vacated the expedited removal order and issued

Petitioner a Notice to Appear, placing Petitioner in removal proceedings under 8 U.S.C. § 1229a.  (*Id.* ¶ 24.)

On January 21, 2026, Petitioner filed his initial Petition for Writ of Habeas Corpus. (Doc. 1.)  The Court issued a briefing schedule and Order to Show Cause that same day. (Doc. 2.)  On January 27, 2026, Respondents filed their Return to Petition, arguing that Petitioner was not entitled to habeas relief because he was not a member of the Bond Eligible Class certified in *Bautista v. Santacruz*.[1]  (Doc. 4.)  On January 30, 2026, Petitioner filed his Amended Petition.  (Doc. 5.)  The Court issued a revised briefing schedule shortly thereafter.  (Doc. 6.)  On February 9, 2026, Respondents filed their Return to First Amended Petition, conceding that Petitioner was in fact a member of the Bond Eligible Class.  (Doc. 7 at 2.)  Petitioner was authorized to file an optional reply on or before February 12, 2026 (*see* Doc. 6 at 2), but he did not file a reply.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his continued detention without a bond hearing violates the Administrative Procedure Act, 8 U.S.C. § 1226, the Immigration and Nationality Act, and

---

[1] *Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

the Fifth Amendment's Due Process Clause.  (Doc. 5 ¶¶ 34–73.)  Respondents concede that Petitioner is detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing.  (Doc. 7 at 2.)  Because the Parties agree that Petitioner is detained under § 1226 and entitled to a bond hearing, the Court **GRANTS** the Amended Petition.

## IV.   CONCLUSION[2]

The Amended Petition (Doc. 5) is **GRANTED**.  Accordingly, the Court **ORDERS**:

1. Respondents shall provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) **within ten (10) days**[3] of the entry of this Order.  At the bond hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence,[4] that Petitioner poses a danger to the community or a risk of flight.

2. If the bond hearing is not conducted **within ten (10) days** of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that his detention is warranted under § 1226(a).

---

[2]  The Court declines to address the Petition's remaining grounds for relief.

[3]  Respondents ask that the Court, "considering heavy caseloads and staffing levels, . . . provide the government 14 days from issuance to hold [a] bond hearing." (Doc. 7 at 2 n.1.) The Court declines to provide this extra time because "this backlog is likely the result of Respondents' own conduct in refusing to comply with *Bautista's* final judgment." *See Sosa Inzuna v. Warden of Adelanto Det. Facility*, — F. Supp. 3d —, 2026 WL 233211, at *3 n.2 (C.D. Cal. 2026) (and noting that "the current volume of habeas petitions . . . being filed can be attributed to Respondents' deliberate choice to continue defying the final judgment entered in *Bautista*").

[4]  *See Sadeqi v. LaRose*, — F. Supp. 3d —, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond")).

3. On or before **March 2, 2026**, Respondents **shall file** a status report indicating whether and when Petitioner received a bond hearing.

**IT IS SO ORDERED.**

DATE: February 13, 2026

*Ruth Bermudez Montenegro*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE